**FREDERICK TRANSPORT LIMITED
and Bill Thompson Transport
Limited, Plaintiffs,**

v.

**William VON RAAB, Commissioner of
Customs, U.S. Customs Service, et
al., Defendants.**

No. Civ-86-627C.

United States District Court,
W.D. New York.

June 23, 1987.

Kahn & Kahn (Jeremy Kahn, of counsel),
Washington, D.C., Lippes, Kaminsky, Silverstein, Porter, Mathias & Wexler (Victor
C. Silverstein, of counsel), Buffalo, N.Y.,
for plaintiffs.

Roger P. Williams, U.S. Atty. (Daniel C.
Oliverio, Asst. U.S. Attorney, of counsel),
Buffalo, N.Y., for defendants.

CURTIN, Chief Judge.

This action arises out of the action of the United States Customs Service [Customs] in promulgating certain regulations interpreting a portion of section 13031 of the "Consolidated Omnibus Budget Reconciliation Act of 1985" [the Act], Pub.L. 99–272, 19 U.S.C. § 58c; 19 C.F.R. § 24.22(c). The pertinent portion of the Act imposes "user fees" upon commercial trucks for customs services performed each time they arrive at a U.S. border seeking entry into the United States. Soon following that law's enactment, Customs announced interim regulations which provided owners of commercial trucks with the option either to pay $5.00 per entry (whether loaded or empty), 19 C.F.R. § 24.22(c)(2), or to pay a maximum amount of $100 per vehicle [maximum fee], which would permit unlimited entry by that vehicle for the calendar year, 19 C.F.R. § 24.22(c)(3). Because the interim regulations became effective on July 7, 1986, the $100 fee only applied for the six remaining months of the 1986 calendar year. The parties now make cross motions for summary judgment (Items 14–17, 19–20).

Plaintiffs now argue that defendants' interim regulations under the Act are arbitrary and capricious and therefore unlawful because 1) Customs imposed a full year's charge for the maximum fee specified in the Act for commercial trucks when the fee was to be in effect for only half of 1986, 2) Customs imposed a full year's charge for the maximum fee specified in the Act for commercial trucks while prorating the annual fees specified in the same section of the Act for other vessels and aircraft, and 3) Customs imposed an entry fee for empty trucks. In response, Customs argues that its interpretation of 19 U.S.C. § 58c, as well as its definition of "commercial trucks," are reasonable and have been ratified by Congress.

The procedural history of this case can be summarized as follows. On or about

June 30, 1986, plaintiffs commenced the instant action, seeking injunctive relief in addition to a temporary restraining order [TRO]. On July 1, 1986, this court heard oral argument and denied plaintiffs' TRO motion. At that time, plaintiffs abandoned their request for a preliminary injunction, but maintained their request for a permanent injunction. The present motions were thereafter filed with this court.

All parties acknowledge that the legal standard governing this case is that prescribed in the Administrative Procedure Act [APA], which governs court review of agency action. Pursuant to this statute, a reviewing court is to:

> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> \* \* \* \* \* \*
>
> (D) without observance of procedure required by law;
>
> \* \* \* \* \* \*

5 U.S.C. § 706(2). *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). Plaintiffs say the challenged Customs regulations cannot withstand such review.

More specifically, plaintiffs first argue that the $100 fee referred to in 19 U.S.C. § 58c(b)(2) and discussed in 19 C.F.R. § 24.22(c)(3) must be found invalid by this court for the year 1986. Section 58c(b)(2) provides:

> No fee may be charged under subsection (a)(2) of this section for the arrival of a commercial truck during any calendar year after a total of $100 in fees has been paid to the Secretary of the Treasury for the provision of customs services for all arrivals of such commercial truck during such calendar year.

Plaintiffs argue that this language is very similar to the language in section 58c(a)(4), which imposed a $25 fee "for all arrivals during a calendar year by a private vessel or private aircraft" but which was prorated by Customs for the year 1986 to reflect the fact that this annual fee would only actually cover half of 1986, beginning on July 7.

Plaintiffs say that Customs acted arbitrarily and capriciously by not similarly prorating the $100 maximum fee for trucks in its regulations. Plaintiffs note that the Memorandum by Customs' Acting Assistant Chief Counsel addressing "Certain Legal Issues under the C.O.B.R.A., 1985," dated April 9, 1986 (Item 16, Appendix A), supports their view. This states:

> While it [is] our belief that these charges may be wholly imposed for the six months of 1986 which will remain after passage, we also believe that an equally suitable interpretation would be that the fees be prorated for the implementation period of 1986. This would leave a fee of $12.50 for private vessels or aircraft and a maximum of $50.00 for commercial trucks or railroad cars.

*Id.*[1]

Given this memorandum, plaintiffs say that, although reasonable minds might conceivably disagree about whether the $100 fee should have been prorated for the second half of 1986, reasonable minds cannot disagree that commercial trucks should have been treated *the same* as private aircraft and other vessels under the Act. Therefore, plaintiffs argue that Customs' decision to prorate the 1986 fee for private aircraft and vessels but not for commercial trucks is an arbitrary and capricious act motivated solely by illegitimate considerations. Item 15, pp. 16–17. Plaintiffs also contend that Customs' imposition of an entry fee upon empty commercial trucks is invalid because it was adopted in disregard of the terms and legislative history of the Act. According to plaintiffs, the entry fee is intended to apply only to vehicles arriving in the United States for Customs services performed and not to empty vehicles.

---

**1.** In a letter dated March 2, 1987, defendants' counsel characterizes this memorandum as "a single opinion by a Customs' employee" which should not be allowed "to obscure the intent, legislative history and express language of the statute" (Item 20).

In response, Customs argues that its decision not to prorate the $100 maximum fee is reasonable and has been ratified by Congress. Citing § 1893 of the Tax Reform Act of 1986, Pub.L. 99–514, Customs notes that Congress recently prorated the annual fee for 1986 Custom broker permits and eliminated the imposition of any fee on the arrival of empty railroad cars. *See* § 1893(a)(2), (c)(2). Defendants note, however, that Congress did not at that time prorate the $100 maximum fee on commercial trucks or railroad cars or eliminate the imposition of fees for the arrival of empty trucks.

Customs says that Congressional silence in this regard can reasonably be interpreted to indicate that Congress did not intend the $100 cap on fees for commercial trucks to be prorated. Instead, defendants note that the plain language of section 58c(b)(2) indicates only that "[n]o fee may be charged under subsection (a)(2) ... during any calendar year after a total of $100 in fees has been paid ...." Customs says that, contrary to plaintiff's mischaracterization of the $100 fee as an "annual permit," the $100 fee provisions are set forth "in the negative as *an annual limitation* on the normal fee collection system" Item 17, p. 10. Customs says that this is a far different statutory scheme than the one set forth for private vessels or private aircraft. Unlike the $25 "true annual fee" imposed on private aircraft and vessels, Customs says that the $100 fee at issue here is "an annual maximum." *Id.* at 11. Unlike the situation with private aircraft and vessels, Customs says that plaintiffs here had the option of paying the lesser of either 1) $5 per arrival, or 2) $100 maximum payment. Because this reading is a reasonable one which has been left intact after the provisions of the Tax Reform Act of 1986, *supra,* Customs asserts that plaintiffs' motion should be denied and summary judgment granted to defendants.

Finally, Customs argues that it did not act arbitrarily when it defined "commercial trucks" to include "empty commercial trucks" for purposes of collecting fees to compensate it for the cost of its services. It argues that, contrary to plaintiffs' view, Customs has the responsibility to inspect all incoming cargo containers, whether full or empty. It argues that this position is recognized in recent ratifications by Congress. *Id.* at 16–17.

I find Customs' arguments persuasive here. I believe that, contrary to plaintiffs' view, the $100 fee on commercial trucks under the Act is a "cap" and not a true annual fee, as is the fee imposed on private aircraft and vessels and which was prorated by Customs for 1986. As such, I believe that Customs' decision not to prorate the $100 fee is a reasonable one in light of the language of the Act. I also believe that Customs' imposition of an entry fee upon empty trucks is not arbitrary and capricious.

In summary, plaintiffs' motion is denied. Defendants' motion is granted. Plaintiffs' complaint is dismissed in all respects.

So ordered.